UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KURT H. EICHORN, et al., | : | |
| Plaintiffs, | : | Hon. Stanley R. Chesler |
| | : | Civ. No. 96-3587 |
| v. | : | Consolidated |
| AT&T CORP., et al., | : | |
| | : | **OPINION and ORDER** |
| Defendants. | : | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiffs' Appeal from an Order of the Magistrate Judge Denying their Motion to Compel Responsive Answers to Discovery (docket item # 190). The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, denies Plaintiffs' Appeal and affirms the Magistrate Judge's Order.

**I. BACKGROUND**

The Court will not recite the entire history of the facts of this case, but will provide some context of recent events relevant to the instant motion.

On or about November 10, 2004, this Court issued an Order following oral argument, in which it barred Stephen A. Crowley's testimony at trial or admission of his calculations and report. The Order further denied Plaintiffs leave to add expert witnesses or to submit calculations,

1

reports, or testimony from such experts. The Order "d[id] not reach the issue of whether plaintiffs c[ould] quantify or establish any right to 'back pay' and/or equitable relief increasing plaintiff's pension benefits," and reserved the issue for resolution "at or before trial." Finally, the Order directed the parties to confer with the Magistrate Judge regarding scheduling limited discovery on remaining damages issues. (Nov. 10, 2004 Order, docket entry # 163.)

On or about December 14, 2004, following a conference call with the parties, Judge Hughes issued a scheduling order which allowed Plaintiffs to serve written discovery requests by December 10, 2004, "concerning plaintiffs' claims for damages or any other forms of relief that have not been precluded by the Court's November 10, 2004 Order." (Dec. 14, 2004 Order, docket entry. # 166).

The parties subsequently disagreed as to the extent that Plaintiffs could seek discovery regarding pension and other issues and sought clarification from the Magistrate Judge. After reviewing letters by the parties, Judge Hughes conducted a telephone conference to hear the parties positions on the discovery issues. Following the call, he issued an Order on or about May 12, 2005, which denied Plaintiffs' application for more specific answers to the interrogatories. Specifically, Judge Hughes determined that (1) the discovery sought far exceeded the parameters of Federal Rule of Civil Procedure 26(b)(1), given the Court's November 10, 2004 Order; (2) the answers provided by Defendants was sufficient considering the Court's November 10, 2004 Order; (3) Plaintiffs have had more than ample opportunity to conduct discovery; (4) Plaintiffs failed to show good cause why the time to conduct discovery should be extended. The Order also noted that this litigation has been pending before this Court for almost 10 years.

Plaintiffs now appeal the Magistrate Judge's May 12, 2005 Order.

**II. DISCUSSION**

    **A. Standard of Review**

A district court may reverse a Magistrate Judge's order if it finds the ruling clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law.  See Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992).  According to the Supreme Court, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

    **B. Plaintiff's Motion**

Plaintiffs' reply papers state that this appeal is "essentially reduced to a single question: What was the intent of this Court's Order of November 10, 2004 ... in directing the scheduling of limited discovery of remaining damage issues in this lawsuit?"  (Pls.' Reply at 1.)  However, the motion before the Court is not a clarification request, but instead an appeal of the Magistrate Judge's Order.  Therefore, the Court will review the motion under the standard set forth above to determine if the Magistrate Judge order in question was clearly erroneous or contrary to law.

Plaintiffs suggest to this Court that the underlying dispute between the parties is "a fundamental disagreement on the range and scope of discovery authorized by th[e] Court's order dated November 10, 2004."  (Pls.' Br. at 2.)  Plaintiffs understood that order to "provide plaintiffs with additional information relevant to damages, in part to offset or compensate for the disadvantage [of] having to proceed without an expert witness."  (Id.)  Plaintiffs' moving papers

assert that the Magistrate Judge's finding that its interrogatories lack relevance to the subject matter is erroneous. Further, Plaintiffs suggest that Judge Hughes' Order indicates that he mistakenly understood Plaintiffs to be seeking an extension of time for discovery and that he misunderstood the final time limits established for discovery-related tasks.

Plaintiffs present various reasons why certain interrogatories posed to Defendants were relevant and proper when considered under their interpretation of the November 10, 2004 Order. The Court will not reach these individual arguments as its intention at oral argument on November 1, 2004, and in its November 10, 2004 Order is consistent with the Magistrate Judge's Order as well as Defendants' interpretation of the Order. As set forth in Defendants' reply, the November 10, 2004 Order "wholly rejected plaintiffs' position that it was entitled to any future pension benefits, and limited plaintiffs' remaining claims, if any, to back pay, provided that each individual plaintiff could actually prove entitlement to same with regard to any specific position allegedly denied." (Defs.' Resp. at 4.) This Court did not invite the parties to re-open discovery and indeed had it known Plaintiffs would engage in such a misuse of the opportunity to conduct the limited discovery intended, it would not have granted leave for any.

Judge Hughes is authorized to make decisions and issue orders about discovery as part of his Magistrate Judge duties. Indeed, the November 10, 2004 Order directed the parties to confer with Judge Hughes to "schedule limited discovery." Judge Hughes discussed the discovery with the parties and issued an order on or about December 14, 2004. This order allowed discovery concerning "claims for damages ... that have not been precluded by the Court's November 10, 2004 Order. This Court fails to see how Plaintiffs could have misunderstood the December 14, 2004 Order or the November 14, 2004 Order to mean a re-opening of full damage discovery and

4

Plaintiffs simply offer no evidence that would support such an argument.

This Court will only reverse the order of a Magistrate Judge where there has been an abuse of discretion. Cooper Hospital v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id. at 127 (citations omitted). Plaintiffs proffer no supporting evidence that would lead this Court to conclude that the Magistrate Judge made an error. Plaintiffs' arguments are void of reference to any portion of the many oral argument before this Court, or any other court ruling, which support a finding in their favor. On the other hand, Defendants point to oral argument on October 23, 2003, where this Court informed Plaintiffs counsel that their damages calculations would be considered, but if the assumptions did not survive, Plaintiffs would not get a second chance to present calculations. (Defs.' Resp. at 2.) Those assumptions were, in fact, precluded at the oral argument on November 1, 2004 and through the Court's November 10, 2004 Order now in question. As such, it logically follows, and is entirely consistent with previous rulings, that the Court did not intend to re-open discovery when it allowed Plaintiffs limited opportunity to explore the "remaining damages" in this case.

Plaintiffs suggest that the Court intended to re-open discovery to allow them to "compensate for the disadvantage [of] having to proceed without an expert" (Pls.' Br. at 2) and to "alleviate the setback caused by rejection of Steven Crowley's damage calculations." (Pls.' Reply at 2.) Every time parties appear before this Court for motion practice or a case comes to trial, there is a prevailing party. The "losing" party in those cases no doubt leaves the court feeling disadvantaged by what it views as an "adverse" ruling. Plaintiffs' case is no different. The Court

reiterated to Plaintiffs' counsel at oral argument on October 23, 2003, that his case would "live or die" on the proposed damage assumptions if the Court were to let them go forward. Plaintiffs chose to go forward, the resulting assumptions effectively died, and now Plaintiff attempts to resuscitate his case by seeking to engage in discovery that he had ample opportunity over the last nine years of this litigation to conduct.

Judge Hughes accurately interpreted the Court's November 14, 2004 Order when he issued the December 14, 2004 Order and the subsequent May 12, 2005 Order. The scope of the discovery he allowed was proper and fully consistent with the Court's previous rulings. Plaintiffs fail to offer any evidence that his order was clearly erroneous or contrary to law and indeed this Court finds quite to the contrary.

The Magistrate Judge's Order is affirmed.

### III. CONCLUSION

Having reviewed the parties' submissions both to this Court and to the Magistrate Judge, for the reasons set forth below, and for good cause shown, this Court affirms the Magistrate Judge's May 12, 2005 Order.

**IT IS** on this 19th day of July 2005:

**ORDERED** that Plaintiffs' Appeal of the Magistrate Judge's May 12, 2005 Order is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's May 12, 2005 Order is **AFFIRMED**.

                                               s/Stanley R. Chesler
                                              Stanley R. Chesler, U.S.D.J.